UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 25-2381

Motion for: Leave to File Supplemental Appendix

Caption [use short title]

Staley, et al. v.

Four Seasons Hotels and Resorts, et al.

Set forth below precise, complete statement of relief sought:

Appellees Hotel 57, LLC, Ty Warner Hotels and

Resorts LLC, H. Ty Warner, and Hotel 57 Services, LLC

move for leave to file a Supplemental Appendix

containing portions of the record not included in the

Appendix and Special Appendix.

MOVING PARTY: Hotel 57 Services, LLC, Hotel 57, LLC, Ty Warner Hotels & Resports, LLC, H. Ty Warner

OPPOSING PARTY: Selena Staley, Vivian Holmes, Olive Ivey

☐ Plaintiff  ☐ Defendant

☐ Appellant/Petitioner  ■ Appellee/Respondent

MOVING ATTORNEY: James. J. Boland

OPPOSING ATTORNEY: Brian L.Bromberg

[name of attorney, with firm, address, phone number and e-mail]

Smith, Gambrell & Russell, LLP

1301 Avenue of Americas, 15th Floor New York, NY 10019

312-360-6548; jboland@sgrlaw.com

Bromberg Law Office, P.C.

295 Madison Ave FL 22, New York, NY 10017

212-248-7906; brian@bromberglawoffice.com

Court- Judge/ Agency appealed from: Hon. Jed S. Rakoff

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
■ Yes  ☐ No (explain): _____

Opposing counsel's position on motion:
■ Unopposed  ☐ Opposed  ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes  ☑ No  ☐ Don't Know

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:

Has this request for relief been made below?  ☐ Yes  ☐ No
Has this relief been previously sought in this court?  ☐ Yes  ☐ No

Requested return date and explanation of emergency: _____

Is the oral argument on motion requested?  ☐ Yes  ■ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?  ☐ Yes  ■ No  If yes, enter date: _____

Signature of Moving Attorney:

_____ Date: 4/21/26  Service : ■ Electronic  ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

# 25-2381-cv

## United States Court of Appeals

*for the*

## Second Circuit

SELENA STALEY, VIVIAN HOLMES, OLIVE IVEY,
on behalf of themselves and all others similarly situated,

*Plaintiffs-Appellants,*

– v. –

FOUR SEASONS HOTELS AND RESORTS, HOTEL 57, LLC, TY WARNER
HOTELS AND RESORTS LLC, H. TY WARNER, FSR INTERNATIONAL
HOTEL INC., d/b/a Four Seasons Hotels and Resorts, HOTEL 57
SERVICES, LLC,

*Defendants-Appellees.*

―――――――――――――――

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**WARNER DEFENDANTS-APPELLEES' MEMORANDUM OF
LAW IN SUPPORT OF MOTION FOR LEAVE TO
SUPPLEMENT THE APPENDIX**

JAMES J. BOLAND
SMITH, GAMBRELL & RUSSELL, LLP
155 North Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 360-6000

KATHRYN T. LUNDY
MARC B. ZIMMERMAN
SMITH, GAMBRELL & RUSSELL, LLP
1301 Avenue of the Americas,
  15th Floor
New York, New York 10019
(212) 907-9700

*Attorneys for Defendants-Appellees Hotel 57, LLC, Ty Warner Hotels
and Resorts LLC, H. Ty Warner and Hotel 57 Services, LLC*

CP COUNSEL PRESS    (800) 4-APPEAL • (389758)

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Second Circuit Local Rule 27.1, Defendants-Appellees, Hotel 57 Services, LLC, Hotel 57, LLC, Ty Warner Hotels & Resorts, LLC and H. Ty Warner (collectively, the "Warner Defendants") respectfully request that the Court supplement the Appendix with additional documents from the district court's record that were not included in the Appendix by Plaintiffs-Appellants Selena Staley, Vivian Holmes and Olive Ivey ("Plaintiffs"). The Warner Defendants further respectfully request that the Supplemental Appendix appear in the format simultaneously filed herewith.

On October 14, 2025, Plaintiffs' counsel contacted the Warner Defendants' counsel and provided proposed materials for the Appendix, which Plaintiffs' counsel subsequently modified on October 22, 2025 and again on November 3, 2025. Lundy Decl. ¶ 3. On November 3, 2025, the Warner Defendants' counsel responded confirming receipt and that they would advise Plaintiffs' counsel if there were any additional documents to be included in the Appendix. *Id.* ¶ 4. Plaintiffs' counsel subsequently modified the proposed Appendix. *Id.* ¶ 5. Thereafter, on December 15, 2025, the Warner Defendants' counsel e-mailed Plaintiffs' counsel requesting to include additional documents in the Appendix. *Id.* ¶ 6. On January 20, 2025, Plaintiffs filed their opening brief, along with the Appendix and Special Appendix in this appeal. *Id.* ¶ 7. The Appendix filed by Plaintiffs did not include: (a) documents that had previously been identified by Plaintiffs' counsel as part of the

Appendix; and (b) additional documents identified by the Warner Defendants to be included in the Appendix. *Id.* ¶ 8.[1] The Warner Defendants respectfully submit these documents omitted from the Appendix which the Warner Defendants now seek to include through the proposed Supplemental Appendix are necessary for the Warner Defendants to present their arguments to the Court. *Id.* ¶ 10. Indeed, since reviewing Plaintiffs' brief, and in the course of preparing their brief in response, the Warner Defendants have identified additional record materials they wish to direct to the Court's attention. *See* Fed. R. App. P. 30(b)(1).

The proposed Supplemental Appendix includes, among other portions of the record, memoranda of law that have independent relevance and are properly included pursuant to Fed. R. App. P. 30(a)(2). In their opening brief, Plaintiffs make various arguments that were not made below and are therefore waived. *Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("a federal appellate court does not consider an issue not passed on below"). It is appropriate to include memoranda of law in the appendix when it is relevant to determine "whether an issue was raised in the district court." *Aquascutum of London, Inc. v. S. S. Am. Champion*, 426 F.2d 205, 213 n.6 (2d Cir. 1970). Plaintiffs also assert in their opening brief that they were denied due process

---

[1] Other than one brief (Plaintiffs' Memorandum of Law in Opposition to the Warner Defendants' Summary Judgement Motion), all other documents were previously identified by either Plaintiffs or the Warner Defendants as necessary material for the Appendix. Lundy Decl. at ¶ 9.

and lacked a full opportunity to be heard. It is necessary to include various briefs and other submissions by the Warner Defendants to support their argument that Hotel 57 Services, LLC's arguments relating to Plaintiffs lack of Article III standing was presented throughout the matter and that, in many instances, Plaintiffs simply failed to substantively respond.

## CONCLUSION

For the reasons set forth above, the Warner Defendants respectfully request that the Court supplement the Appendix to include additional materials from the district court record, in the format simultaneously filed herewith, and for other such relief that the Court deems just and proper.

Dated: April 21, 2026

Respectfully Submitted,

SMITH, GAMBRELL & RUSSELL, LLP

By: */s/ James J. Boland*
        James J. Boland
        Kathryn T. Lundy
        Marc B. Zimmerman
1301 Avenue of the Americas, 15th Floor
New York, NY 10019
(212) 907-9700
*Attorneys for Warner Defendants-Appellees*

**DECLARATION OF KATHRYN T. LUNDY IN SUPPORT OF WARNER DEFENDANTS-APPELLEES' MOTION FOR LEAVE TO FILE <u>A SUPPLEMENT TO THE APPENDIX</u>**

I, Kathryn T. Lundy, pursuant to 28 U.S.C. § 1746, state and declare as follows:

1.      I am a Partner at Smith, Gambrell & Russell, LLP, attorneys for Defendants-Appellees Hotel 57 Services, LLC, Hotel 57, LLC, Ty Warner Hotels & Resorts, LLC and H. Ty Warner (collectively, the "Warner Defendants"). I have personal knowledge of the matters set forth in this declaration.

2.      I submit this declaration in support of the Warner Defendants' Motion for Leave to File a Supplement to the Appendix.

3.      On October 14, 2025, Brian Bromberg, counsel for Plaintiff-Appellants Selena Staley, Vivian Holmes, Olive Ivey ("Plaintiffs"), emailed counsel for the Warner Defendants a list of proposed documents to include in the Appendix, which Plaintiffs' counsel subsequently modified by email on October 22, 2025 and again on November 3, 2025.

4.      On November 3, 2025, the Warner Defendants confirmed their receipt and advised Mr. Bromberg they would review the revised proposed Appendix and advise if the Warner Defendants had any additions to the Appendix.[1]

---

[1] Notably, while Plaintiffs refer to the Joint Appendix as an "Appendix" in their opening brief and the Appendix itself, the Warner Defendants, through their November 3, 2025 e-mail, confirmed their joinder in that Appendix, subject to any additions.

5. On November 13, 2025, Mr. Bromberg sent an email to the Warner Defendants' counsel identifying page ranges of deposition transcripts that Plaintiffs intended to include in the Appendix.

6. The undersigned responded to Mr. Bromberg's email on December 15, 2025, identifying additional documents the Warner Defendants requested to be included in the Appendix.

7. On January 20, 2025, Plaintiffs filed their opening brief, along with an Appendix and Special Appendix pursuant to Fed. R. App. P. 30(a).

8. The Appendix did not include documents (a) previously identified by Plaintiffs' counsel as part of the Appendix; and (b) additional documents identified by the Warner Defendants to be included in the Appendix.

9. Specifically, with the sole exception of Plaintiffs' Memorandum of Law in Opposition to the Warner Defendants' Motion for Summary Judgment, every other document the Warner Defendants now seek to include in the Supplemental Appendix were previously identified to be included in the Appendix by either counsel for Plaintiffs or the Warner Defendants

10. The Warner Defendants maintain that such record material in the proposed Supplemental Appendix are necessary for the Warner Defendants to present their arguments to the Court and in response to Plaintiffs' opening brief.

11. The Warner Defendants' counsel maintain that inclusion in the proposed Supplemental Appendix of Plaintiffs' Memorandum of Law in Opposition to the Warner Defendants' Motion for Summary Judgment (which was not previously identified by counsel for either Plaintiffs or the Warner Defendants) is necessary to provide context to some of the Warner Defendants' arguments in response to those raised by Plaintiffs in their opening brief herein.

12. Pursuant to Local Rule 27.1, on April 17, 2026, the undersigned emailed Plaintiffs' counsel to provide notice of the anticipated Motion for Leave to File a Supplemental Appendix.

13. On April 19, 2026, Plaintiffs' counsel, Evan Brustein, advised that Plaintiffs did not oppose the Motion for Leave to file a Supplemental Appendix and would not be filing opposition to the instant motion.

14. The Warner Defendants respectfully refer to the proposed Supplemental Appendix simultaneously filed herewith.

15. I declare under the penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
      April 21, 2026

By: */s/ Kathryn T. Lundy*
      Kathryn T. Lundy